IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL SMITH,<br>　　　　Plaintiff,<br>　　v.<br>SHAMROCK CONDOMINIUM (HOA), et al.,<br>　　　　Defendants. | Case No. 25-cv-01002-CRB<br><br>**ORDER GRANTING IN FORMA PAUPERIS APPLICATION AND SCREENING COMPLAINT** |

　　　Plaintiff Samuel Smith filed a pro se complaint and application to proceed in forma pauperis. See Compl. (dkt. 1); IFP App. (dkt. 2). 28 U.S.C. § 1915(a) authorizes the Court to permit a plaintiff to file a federal lawsuit without prepayment of fees or security so long as the plaintiff submits an affidavit showing that he is unable to pay the fees or give security. Smith states that his only income consists of social security payments, that he has a 2003 Ford F150 truck and no other assets, and that he has over $2,000 in monthly expenses. IFP App. at 2–4. Based on this information, the Court finds that Smith has demonstrated that he is unable to pay the filing fee and **GRANTS** his IFP application.

　　　The IFP statute further requires the Court to screen the complaint and dismiss the case if, among other things, the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). The Court also must determine on its own whether the plaintiff has asserted a basis for federal jurisdiction. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004). If the Court determines that subject matter jurisdiction is lacking, it must dismiss the case. Id.; Fed. R. Civ. P. 12(h)(3). Federal courts' subject matter jurisdiction generally arises in one of two ways: if there is

diversity of citizenship among the parties (that is, if the parties are from different states) or if there is a federal question at issue. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).[1]

The thrust of Smith's complaint is that the defendants, Shamrock Condominium HOA and B&D Towing Company, unlawfully conspired to tow his Ford F150 truck. Compl. at 1. Smith asserts that federal question jurisdiction exists because he brings his claims under the Fifth and Fourteenth Amendments to the U.S. Constitution. Id. at 2. But claims brought directly under the Constitution are "disfavored." See Egbert v. Boule, 596 U.S. 482, 491 (2022). Before authorizing a cause of action under the Constitution, courts must ask "whether there is any reason to think that Congress might be better equipped to create a damages remedy." Id. at 492. For this case, which is akin to a run-of-the-mill tort claim for conversion, Congress (or, more likely, a state legislature) is surely better situated to provide a remedy. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 73–74 (2001) (existence of state tort remedies undercuts viability of claim brought directly under the Constitution). As such, Smith's claims directly under the Constitution are not viable.

Even if the Court construes Smith's complaint liberally as asserting claims pursuant to 42 U.S.C. § 1983 (the vehicle by which constitutional claims are typically asserted, see Hernández v. Mesa, 589 U.S. 93, 109–10 (2020)), that would not save Smith's claims. Section 1983 claims require allegations of conduct that is "fairly attributable to the State" and lie only against individuals who "may fairly be said to be [] state actor[s]." Lugar v. Edmondson Oil Co., 457, U.S. 922, 937 (1982). In other words, § 1983 does not provide any remedy for "merely private conduct" like that alleged here. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citation omitted). Smith even alleges that Defendants "have no Oath of government office." Compl. at 2. That proves fatal to his constitutional claims against them and demonstrates the lack of any federal claim.

---

[1] Smith does not allege diversity jurisdiction. Further, it is implausible that diversity of citizenship would exist here, given that one Defendant is the homeowner association of the very same condominium where Smith alleges that he lives. See Strawbridge v. Curtiss, 3 U.S. (3 Cranch) 267, 267 (1806) (complete diversity necessary for federal jurisdiction).

1    Because Smith relies entirely on federal question jurisdiction, which is lacking,
2  Smith fails to adequately allege that the Court has subject matter jurisdiction over his
3  claims.  The Court hereby **DISMISSES WITH PREJUDICE** Smith's complaint pursuant
4  to 28 U.S.C. § 1915.  Given Smith's affirmative representation that Defendants were
5  private actors with "no Oath of government office," any amendment to his Complaint
6  would be futile.  See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296–97 (9th Cir. 1990)
7  (amendments must be "consistent with the challenged pleading" and not "contradict[] any
8  of the allegations of [the] original complaint" (citation omitted)).  So despite Smith's pro
9  se status, "it is absolutely clear that no amendment can cure the defect" in his complaint.
10 Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

**IT IS SO ORDERED.**

Dated: February 4, 2025

_____
CHARLES R. BREYER
United States District Judge